MILLER, Judge pro tem.
This case was consolidated with No. 5625 styled, Arrow Food Distributors, Inc., v. Thurman, et al., reported at La.App., 144 So.2d 398. The facts and the questions of liability were decided and fully discussed in the companion suit and consequently we shall concern ourselves only with the item of quantum at this time.
The trial court awarded Nagatha K. Jones, in her individual capacity, $26,438.-59, which sum included $1,438.59 for special damages. The trial court also awarded Mrs. Jones for the use and benefit of her minor son, the sum of $10,000.00.
The evidence shows that Irvin F. Jones, Sr., was 43 years old when he died and according to the American Experience Table of Mortality (LSA-R.S. 47:2405) he had a life expectancy of 26 years. He had graduated from Tuskeegee Institute with a B.S. Degree, attended New York University and graduated from Louisiana State University with a Masters Degree in psychiatric social work. At the time of his death he was teaching at Southern University with the title of assistant professor at a salary of $7,867.00 a year. He had completed some work leading to a Ph.D. degree and if and when he obtained this degree, his total annual compensation would be $9,200.00 should he remain at Southern University. Certainly there are few employments more stable or secure than that of a college professor and even at the salary he was earning at the time of his death, Irvin F. Jones, Sr., could anticipate earning a total of $204,542.00 during his life expectancy.
The evidence further shows that Jones had been in excellent health prior to his death, tie had married plaintiff on December 28, 1945 and they had enjoyed a happy, stable marriage for 14 years. Of that union one child, Irvin F. Jones, Jr., was born on January 6, 1950, and he was Iff years old at the time of his father’s death. Mrs. Jones was 37 years old when her husband died.
We note that our esteemed brother of the trial court presided at the trial of the case of Pennington v. Justiss-Mears Oil Company, 241 La. 1, 134 So.2d 53, and awarded $150,000.00 to the plaintiff for loss of maintenance and support because of the accidental death of her husband. This award was affirmed by this court, but as of October 9, 1961, when the trial court handed down its decision in the instant case, the Supreme Court had reduced that award to $40,000.00. On November 6, 1961, the Supreme Court increased the award for loss of maintenance and support in the Pennington case on rehearing to the sum of $85,000.00. We are satisfied that had the trial judge had the benefit of the views expressed by the Supreme Court in their final decision of the Pennington case, his award in the instant case would have been substantially larger. In this-connection we note that our brothers of the Third Circuit stated when increasing the award of the trial court in the case of *407 Stephens v. Natchitoches Parish School Board, La.App., 137 So.2d 116, 121:
“In our opinion the trial court erred in awarding plaintiff less than the amounts which we have determined should be allowed. The judgment of the trial court, however, was rendered prior to the final decisions in the Swillie and the Pennington cases, and the trial judge at that time did not have the benefit of the views expressed by the Supreme Court and by this court in those decisions.”
The judgment does not specify what portion of the award, if any, was to compensate Mrs. Jones and her minor son for loss of love, affection, companionship and guidance. Considering all the facts of this case and the three most recent decisions of the Supreme Court and appellate courts of this state in similar cases, we believe that $10,000.00 to Mrs. Jones, individually, and $8,000.00 to her for the use and benefit of her minor son would be just awards for the loss of love, affection, companionship and guidance which they have suffered. See Pennington v. Justiss-Mears Oil Company, 241 La. 1, 134 So.2d 53; Stephens v. Natchitoches Parish School Board, La.App., 137 So.2d 116, and Swillie v. General Motors Corporation, La.App., 133 So.2d 813.
The award for loss of support to a widow is by its nature difficult to assess. She, of course, is entitled to recover an amount equal to what she could reasonably expect to receive from her husband’s future earnings after due allowance made for discount on advance payments. This, of necessity, is speculative since it involves ’ contingencies fraught with uncertainties. Because of the many variable factors involved, all of them peculiar to the party litigants, and most of them uncertain because they belong entirely to the future which we can proximate but cannot divine, the determination of this type of award is not a function of the mathematical sciences. Much discretion is consequently accorded to the trial court in making an award for loss of support. In fixing these awards due consideration should be given to such factors as the earning capacity and age of the deceased husband, his job security, the possibility of increase or decrease of his future annual earnings, the condition of decedent’s health prior to his premature demise and the life expectancy of the surviving widow.
We have the assistance of the decisions in the Pennington, Stephens and Swillie cases, supra, to guide us in determining this portion of the award to be granted Mrs. Jones. In the Pennington case decided on rehearing November 6, 1961, the deceased husband was 35 years old at the time of his death and had a work life expectancy of 31.7 years. His annual income was averaged out at $21,551.77, but a substantial portion of this income was from oil royalty which would be completely depleted well in advance of the termination of his work life expectancy. The court awarded the widow $85,000.00, a 3 year old child $11,500.00, and a 4 year old child $11,000.00 for loss of support.
In the Stephens case, decided by the Third Circuit on January 29, 1962, the deceased husband was 41 years old at the time of his death and had a life expectancy of 26.22 years. His annual income was $4,800.00, which projected through his life expectancy would give anticipated earnings of $125,856.00. The court awarded the widow $35,000.00 and a 14 year old daughter $9,000.00 for loss of support.
In the Swillie case, decided by the Third Circuit on September 20, 1961, (certiorari denied) the husband was 29 years old at the time of his death and had a life expectancy of 36 years. His annual income was $3,666.00 which would give him an anticipated income during his life expectancy of $131,976.00, The court awarded the widow $27,794.20, a 1 year old child $12,000.00, and a 4 year old child $10,000.00 for loss of support.
*408 Considering all the evidence in this case and the awards granted in the recent similar cases, we believe that an award to Mrs. Jones, individually, of the sum of $50,000.00, and an award to Mrs. Jones for the use and benefit of her minor son of the sum of $7,000.00 for loss of support, is fair and in keeping with our jurisprudence.
The $1,438.59 award for special damages is not contested and will also be allowed.
For these reasons, the judgment of the district court is amended by increasing the total amount awarded to Nagatha K. Jones, individually, from $26,438.59 to $61,438.-59 and increasing the total amount awarded to Nagatha K.- Jones for the use and benefit of her minor son, from $10,060.00 to $15,000.00, both said awards to bear legal interest from judicial demand until paid, and as thus amended, the judgment is affirmed. All costs are to be paid by defendant.
Amended and affirmed.