174 So.2d 529

**William B. HAMILTON et al.**

v.

**CITY OF SHREVEPORT.**

No. 47551.

March 29, 1965.

Rehearing Denied May 3, 1965.

Wilkinson, Lewis, Woods & Carmody, W. Scott Wilkinson, William B. Hamilton, Shreveport, for plaintiffs-petitioners.

J. N. Marcantel, John Gallagher, Andrew B. Gallagher, Shreveport, for defendant-respondent.

FOURNET, Chief Justice.

We granted a writ of certiorari to review the judgment of the Court of Appeal, Second Circuit, on the application of the plaintiffs [1], sustaining the defendant's plea of governmental immunity from tort liability and reversing the judgment of the trial court awarding them damages to their respective properties as the result of the City of Shreveport's action in raising the water level of Cross Lake in order to maintain an adequate water supply for the City's waterworks system, limiting, however, our review of the judgment of the Court of Appeal to the question of whether the City is immune from liability in view of Article 3,,

---

1. William B. Hamilton, Mrs. Lavada Smith Tracy, William Scott Wilkinson and Mrs. Margaret West Wilkinson.

Section 35 [2] of the Constitution, as amended pursuant to Act 621 of the Legislature of 1960, by its adoption on November 8, 1960. See, 168 So.2d 380.

It is apt to observe that the Legislature of 1960 in adopting the aforementioned proposed amendment did so with the express purpose of nullifying the effect of two decisions of this court, Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594, (rehearing denied October 9, 1959), and Stephens v. Natchitoches School Board, 238 La. 388, 115 So.2d 793, (rehearing denied December 14, 1959), holding that whenever the Legislature authorized suit

under Section 35 of Article 3 of the Constitution of 1921, as amended pursuant to Act No. 385 of 1946, it simply waived the traditional immunity of the state and its subdivisions from suit and did not constitute a waiver of the state or its agencies from liability for the negligence of one of its employees in the exercise of a governmental function.

Counsel for plaintiffs contend this Section "has no bearing on the present issues" as it "does not confer any immunity and deals only with the power of the Legislature to waive immunity whenever it exists;" but if it does apply, they point

2. "The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability. The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rules promulgated by the Legislature, to be the same as in suits between private litigants. No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for payment thereof. The Legislature may waive any

prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized; and any prescription or peremption which may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court. In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant's immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim." Article 3, Section 35 of the Constitution of 1921, as amended Acts 1960, No. 621, adopted November 8, 1960.

out the immunity from both suit and liability of the defendant is expressly waived under the Constitution, as amended, inasmuch as the Legislature incorporated in the City Charter of Shreveport language empowering the City to sue and be sued[3], and also to plead and be impleaded in any and all courts whatsoever.

Defendant is in agreement with plaintiffs' claim that the Article, as amended, has no bearing on the present issue as the Legislature, in granting Shreveport its Charter, reserved to it certain privileges and immunities and that its power to sue and be sued is limited by the provisions of Chapter 2, Section 2.01[4] thereof, and further maintains the Legislature "never intended to eliminate the right of the City to impose as a defense its governmental immunity as a bar to delictual actions involving its performance of such activity," but rather, was endeavoring to cure the "specific problem" created by the Duree and Stephens cases by providing that the Legislature could waive immunity from liability whenever appropriate. In the alternative, defendant contends that in light of the provisions of Article 19, Section 26[5] of the Constitution,

3. Chapter 1, Section 1.01 Incorporation of the Charter of the City of Shreveport reads as follows:
"Section 1.01. Incorporation. The inhabitants of the City of Shreveport, as its boundaries now are or may hereafter be, shall continue to be a municipal corporation and body politic, and by the name and style of the City of Shreveport shall have perpetual succession, shall be capable of suing and being sued, defending and being defended, impleading and being impleaded in all courts and places whatsoever, shall be capable of acquiring, receiving, holding, farming, leasing, and conveying property real or personal within or without the limits of the city, and may have and use a common seal."

4. Chapter 2, "Section 2.01. *General Powers.* The City of Shreveport shall have and may exercise all the powers, rights, privileges and immunities which are now or may hereafter be or could be conferred upon cities of its population class by the constitution and general laws of the state; all powers, rights, privileges and immunities heretofore conferred on said city by any special act and not inconsistent with this plan of government; and all other powers pertinent to the government of a city the exercise of which

is not expressly prohibited by the constitution of the state and which, in the opinion of the council, are necessary or desirable to promote the general welfare of the city and the safety, health, peace, good order, comfort, convenience and morals of its inhabitants, as fully and completely as though such powers were specifically enumerated in this plan of government, and no enumeration of particular powers in this plan of government shall be taken to be exclusive but shall be held to be in addition to this general grant of power."

5. The pertinent provisions of Article 19, Section 26 are:
"Section 26. The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana:
\* \* \* \* \*
"(4) Any municipal corporation, parish or subdivision of the State in matters respecting the operation or maintenance of parks and other recreational facilities or in connection with any rule or regulation applicable thereto,
\* \* \* \* \*
"The consent of the State of Louisiana to suits or legal proceedings against any

it is made a special agency of the state and, as such, is immune from liability in the case at bar in view of the public and recreational nature that Cross Lake has assumed in the past years, despite its original purpose to furnish a water supply to defendant's inhabitants.

A mere reading of Section 35, reported in full in footnote 2, will readily disclose that the Legislature is empowered to waive the immunity of the state and its political subdivisions from both suit and liability, and further specifically provides that "each authorization by the Legislature for suit against the State or other such public body, *heretofore and hereafter enacted or granted,* shall be construed to be and shall be effective and valid for all purposes * * * as a waiver of the defendant's immunity both from suit and from liability." See, Terrebonne Parish School Board v. St. Mary Parish School Board, 242 La. 667, 138 So.2d 104 and Pittman Construction Company v. Housing Authority of New Orleans, La.App., 169 So.2d 122. (Emphasis ours)

From the foregoing, it is obvious that the argument of counsel for the defendant that the Legislature, in proposing the amendment at issue and the people in adopting it, only intended to waive the immunity of the state and its subdivisions from tort actions resulting from their proprietary activities and not to waive the traditional immunity of the state and its subdivisions in actions founded on the tortious conduct of its officers and employees when functioning in a governmental capacity, is clearly without merit and we fail to appreciate the rationale of counsel's ingenious argument that the provisions of Chapter 2, Section 2.10 of the Charter of Shreveport, reported in full in footnote 4, exclude Shreveport as one of the subdivisions of the state covered by Section 35 of Article 3 of the Constitution, as amended.

Counsel's alternative contention is equally without merit. While it is true that Cross Lake, as they maintain, despite its original purpose to furnish the City with an adequate supply of fresh water, also "provides hunting and fishing, both commercial and recreational" and has, in past years,

---

of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of

contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution."
* * * * *.

become "ringed with camps, cottages and many private homes," resulting in a rise of the "property value of the residential and commercial properties surrounding it," we cannot agree with counsel that the City acquired a position of operating a park and recreational area within the contemplation of Article 19, Section 26. Moreover, the water level of Cross Lake was raised for the purpose of securing and insuring an adequate fresh water supply for the City of Shreveport and its inhabitants.

 In view of the clear and explicit language of Section 35, as amended, we cannot accede to counsel's suggestion, made both orally and in brief, that the City should be exempted from a rigid enforcement of its provisions when engaged in the performance of governmental functions inasmuch as it will be plunged "into a morass of litigation, both petty and major," which will inescapably produce a burden on the fisc of the City, for to do so, we would have to add to this Section a clause so limiting it —in other words, we would have no rewrite this Section which we are not authorized to do—such authority being within the exclusive province of the Legislature to recommend and the people to adopt; consequently, any change in its application must be addressed to the Legislature and the people of this state.

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and the judgment of the trial court is affirmed.

HAMITER, J., is recused.

## ON APPLICATION FOR REHEARING

### PER CURIAM.

We find no merit in applicant's contention that we erred in holding that the City of Shreveport is not immune from liability in view of Article 3, Section 35 of the Constitution, as amended by Act 621 of 1960. Hence, the application for a rehearing is refused.

However, since the writ of review granted herein was limited to a consideration of the specific question of governmental immunity from liability, the judgment rendered by us, insofar as it affirmed the decree of the trial court, inadvertently disposed of issues on the merits which were neither presented nor discussed here. Accordingly, we herewith correct our decree of March 29, 1965 to read as follows:

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and the case is remanded to that court for further proceedings in accordance with law and consistent with the views herein expressed.

HAMITER, J., is recused.