189 So.2d 752 (1966)
Robert A. LAMBERT, Sr.
v.
AUSTIN BRIDGE COMPANY et al.
No. 6721.
Court of Appeal of Louisiana, First Circuit.
July 8, 1966.
Rehearing Denied September 19, 1966.
Writ Refused November 7, 1966.
*753 Ernest L. O'Bannon, of Bienvenu & Culver, New Orleans, for appellant.
Margot Mazeau, of Normann & Normann, New Orleans, Philip K. Jones, Robert J. Jones, Norman L. Sisson and William T. Kivett, Baton Rouge, Wilmore J. Broussard, Jr., Houma, for appellee.
Before LOTTINGER, LANDRY, REID, BAILES and LEAR, JJ.
BAILES, Judge.
Robert A. Lambert, Sr., an employee of South Coast Corporation, brought this suit for damages against defendant Wilton J. Suire, Sr., as an alleged employee of Austin Bridge Company, and against Austin Bridge Company and its insurer, Houston Fire and Casualty Insurance Company, for personal injuries sustained on or about November 20, 1963, as a result of the negligence of said Wilton J. Suire, Sr., contending that the negligence of Wilton J. Suire, Sr., was imputable to Austin Bridge Company and to Houston Fire and Casualty Insurance Company as the insurer of Austin Bridge Company. The Zurich Insurance Company, the Workmen's Compensation insurer of South Coast Corporation, paid compensation benefits to plaintiff and filed an intervention to recover all payments made pursuant to the Louisiana Workmen's Compensation Act.
Defendants, Austin Bridge Company and Houston Fire and Casualty Insurance Company, filed a general denial, and in the alternative pleaded that at the time of the accident the said Wilton J. Suire, Sr., was a borrowed employee of South Coast Corporation and the Louisiana Department of Highways, and also pleaded contributory negligence and assumption of risk on the part of plaintiff. Said Defendants also filed a third party petition against the Louisiana Department of Highways, South Coast Corporation, and Zurich Insurance Company, the insurer of South Coast Corporation, alleging that the negligence of the third party defendants was the cause of plaintiff's injuries, and that if Wilton J. Suire, Sr., was in anywise guilty of negligence, third party defendants were responsible due to the fact that the said Wilton J. Suire, Sr., at the time of the accident in question had become the employee pro hac vice of Robert A. Lambert, Sr., South Coast Corporation and the Louisiana Department of Highways. Third party plaintiffs asked for judgment over against third party defendants for any amount which might be awarded to the plaintiff, in solido, by way of indemnity, contribution or otherwise.
The Department of Highways filed an exception of immunity and the South Coast Corporation and its insurer, Zurich Insurance Company, filed exceptions of no cause or right of action. The exceptions were tried and for written reasons assigned on September 29, 1965, the exception of immunity insofar as the Department of Highways was concerned was sustained, and the exception of no right of action was also sustained. In his reasons for judgment the Trial Judge stated it was not necessary to pass upon the exception of no cause of action in determination of the exceptions. Judgments were rendered and signed on the same day, from which Austin Bridge *754 Co. and Houston Fire and Casualty Insurance Company, defendants and third party plaintiffs, have appealed.
Third party plaintiffs allege that whatever immunity the Department of Highways may have previously enjoyed has been waived by the enactment of LSA-R.S. 48:22 (Acts 1942, No. 4, Section 8), when the provisions of that statute are considered in connection with Article 3, Section 35, of the Constitution of 1921, as amended by Acts 1960, No. 621, adopted November 8, 1960.
Article 3, Section 35, of the Constitution reads as follows:
"The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability. The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rules promulgated by the Legislature, to be the same as in suits between private litigants. No judgment against the state or any other public body shall be exigible, payable or paid except out of funds appropriated for payment thereof. The Legislature may waive any prescription or peremption which may have accrued in favor of the state or other public body against any claim or claims on which suit is so authorized; and any prescription or peremption which may heretofore have accrued, or which would otherwise accrue prior to January 1, 1962, against any claim against the state or other public body on which suit heretofore has been authorized by the Legislature, is hereby waived, provided that suit on such claim is brought prior to January 1, 1962. No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court. In the case of any such claim on which suit heretofore has been authorized by the Legislature, and the suit was dismissed on the ground that the defendant's immunity from liability had not been waived, another suit on the same claim may be filed at any time prior to January 1, 1962, and such suit shall not be subject to the defense of res judicata based on the dismissal of the prior suit on such claim. (As amended Acts 1960, No. 621, adopted Nov. 8, 1960.)"
LSA-R.S. 48:22 provides as follows:
"The department has all of the rights, powers, and immunities incident to corporations. It may acquire, own, administer, alienate, and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible; contract; adopt, alter, or destroy an official seal; sue and be sued, implead, and be impleaded."
Appellants-third party plaintiffs contend that Article 3, Section 35, simply provides that the legislature is empowered to waive, by special or general laws or resolution, the immunity from suit and from liability of the State or any of its departments or corporations, and that it further provides that each authorization by the legislature for a suit against the State of any such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as a waiver of the defendant's immunity both from suit and from liability. They then contend that the legislature has waived *755 the immunity of a city by incorporation in a city charter language empowering the city to sue and be sued. As authority for this position they cite Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965), wherein the Court held that the legislature, in incorporating in the city charter of Shreveport language authorizing the city to sue or be sued waived the immunity of the city from suit in view of the legislative power to waive immunities granted by Article 3, Section 35, of the Louisiana Constitution of 1921.
Appellants-third party plaintiffs then contend that in the instant case the legislature by the enactment of R.S. 48:22, similarly waived the immunity of the Department of Highways, and as the language employed in the City charter of Shreveport is substantially the same as the provisions of R.S. 48:22, the rule of the Hamilton case, supra should apply to the case at issue and, therefore, the legislature has waived the immunity to suit formerly enjoyed by the Department of Highways.
The third party defendants, in answer to the contention of the third party plaintiffs, cite the general rule regarding suits against the state to the effect that a state cannot be sued for tort without having given its consent through the legislature in conformity with constitutional provisions. Lewis v. State, 196 La. 814, 200 So. 265; Mallard v. State, La.App., 194 So. 447; Fouchaux v. Board of Commissioners of Port of New Orleans, La.App., 186 So. 103, 193 La. 182, 190 So. 373. Third party defendants then contend that under the well established jurisprudence it has been held that LSA-R.S. 48:22 does not authorize suits against the Department of Highways for the recovery of damages ex delicto, citing as authority the case of Westwego Canal & Terminal Co., Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, wherein the Louisiana Supreme Court held as follows:
"It has been held, and now appears to be well settled, that the provision in Act 95 of 1921, Ex. Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La.App. 441; Orgeron et ux. v. Louisiana Power & Light Co. et al., 19 La.App 628, 140 So. 282, in which writs of certiorari and review were refused by this Court."
Third party defendants further contend that the Hamilton case is limited solely to cases concerning city charters for the reason that there has long existed in Louisiana a line of cases distinguishing the liabilities of cities and towns from that of the state itself, including: 3 L.L.R. 720; De Moss v. Police Jury of Caddo Parish, 167 La. 83, 118 So. 700, 68 A.L.R. 336 (1928); Stewart v. City of New Orleans, 9 La.Ann. 461 (1854); Lewis v. City of New Orleans, 12 La.Ann. 190 (1857); Belgarde v. City of Natchitoches, La.App., 156 So.2d 132 (1963); 2 Harper & James, The Law of Torts, Sec. 29.6. They then conclude that the Hamilton case does no more than adhere to that previously made distinction.
It is the opinion of this Court that in view of the decision of the Louisiana Supreme Court in the Hamilton v. City of Shreveport case, supra, this Court has no alternative but to hold that the immunity formerly enjoyed by the Department of Highways under R.S. 48:22 has been effectively waived by the enactment of Article 3, Section 35 of the Constitution of 1921, as amended by Acts 1960, No. 621, as quoted above, and that the rule of the Hamilton case applies to the case at issue. There is nothing in the Hamilton case which would lead this Court to believe that it would not apply to the facts at issue herein. Although we feel that the Supreme Court may not have in the Hamilton case meant to extend its rule to the case at issue, in view of the language of the Hamilton case we do not feel that this Court has any alternative but to hold that *756 the rule of the Hamilton case applies herein and that while the Westwego case is not specifically overruled, nevertheless the effect of the Hamilton case is to overrule the Westwego case insofar as it interprets R.S. 48:22.
In view of the holding above, it is not necessary for this Court to go into third party plaintiffs' further contention that the Department of Highways would not be immune from suit in this case in that it is not a suit for tort but one based on implied contract.
With regard to the exceptions of no cause and no right of action filed by the third party defendants, the exceptions set forth three grounds on which plaintiff's suit should be dismissed. First, that insofar as the third party plaintiffs seek indemnification and/or contribution on the theory that Wilton J. Suire, Sr. was a borrowed employee of the third party defendants, in that event third party plaintiffs would have a complete defense to the original demand as they could not be held liable for the acts of an employee who had become the borrowed employee of another party, and cited Dixie Machine, Welding & Metal Works, Inc. v. Boulet Transportation Co., 38 So.2d 546 (La.App.1949). In that case the Court held that when an employee in the general employment of one employer becomes the borrowed servant of another employer, the general employer is not responsible for the acts of that servant who has been loaned to the other employer. This, of course, is a correct statement of the law. Third party defendants also say that if the said Wilton J. Suire, Sr. was a borrowed employee, they would not be liable to the plaintiff and that, consequently, if the third party plaintiffs, who were the defendants in the original suit, are not liable to the original plaintiff, then of course they would not be entitled to indemnification and/or contribution from the third party defendants, citing Lanza Enterprises, Inc. v. Continental Insurance Company, 129 So.2d 91 (La.App. 3rd Cir. 1961) cert. den. The third party plaintiffs admit this position in their brief but contend that if the employee was not a borrowed employee of the third party defendant South Coast Corporation, it could be determined that the accident occurred as the result of the joint negligence of Wilton J. Suire and South Coast Corporation and in that event third party plaintiffs would have a right to contribution from third party defendants.
It is the position of this Court that insofar as the allegations relative to the borrowed employee are concerned, the exceptions of no right and no cause of action would be valid.
Second, third party defendants contend that there is no affirmative allegation that the accident happened because of a failure to warn of the presence of the pole, but that even if there was a duty to warn Wilton J. Suire, Sr., and if plaintiff and the representative of the Department of Highways failed to warn Suire, such failure would amount to negligence on the part of the plaintiff and would defeat plaintiff's demand against the original defendants and, under the holding of the Lanza case, supra, would bar third party plaintiffs from maintaining a demand for indemnification and/or contribution against third party defendants.
The third and basic reason set forth in support of third party defendants' exceptions, and the one upon which the trial Judge based his reasoning, is that the third party petition fails to state a cause or right of action insofar as its seeks contribution for the reason that South Coast Corporation is the employer of the original plaintiff and, therefore, no solidary obligation exists as between third party plaintiffs and South Coast Corporation, third party defendant, as required under Article 2103 of the Louisiana Civil Code, since the only obligation of South Coast Corporation to the plaintiff is under the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1032. It is pointed out in plaintiff's brief *757 that there is no affirmative allegation that the supervision of removing the pole was conducted in a careless or negligent manner and, like the failure to warn of the pole, there is no allegation of negligence against South Coast Corporation except by virtue of a doctrine of respondeat superior for the alleged negligent acts of its employee who is the plaintiff. It is, therefore, clear that to hold the South Coast Corporation liable, the third party plaintiffs must allege that a representative of the South Coast Corporation was negligent and as can be seen by the third party petition the only representative of the South Coast Corporation charged with negligence is the original plaintiff, Robert A. Lambert, Sr., and here again plaintiff's negligence would defeat his suit against the original defendants.
It would follow, however, that even if it should be found that an employee of South Coast Corporation other than the plaintiff was negligent and such negligence, together with the negligence of Wilton J. Suire, Sr., contributed to plaintiff's accident, in that event contribution would be barred against the plaintiff employee or the third party defendants herein for the reason that the employer's exclusive liability is under the Workmen's Compensation Act, Section 1032, which reads as follows:
LSA-R.S. 23:1032
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."
In the case of Sanderson v. Binnings Construction Company, La.App., 172 So.2d 721, wherein the third party plaintiff attempted to obtain contribution from the principal or statutory employer, the Court held:
"It is settled in this state that the rights and obligations of the employer and employee under the workmen's compensation statute arise solely out of the contract of employment. An award under the statute is not made on the theory that a tort has been committed, but on the contrary, the award is made upon the theory that the statute is read into and becomes a part of the contract of employment. Therefore, any cause of action which the injured plaintiff may have against The Boeing Company[1] arises under contract and not under LSA-C.C. art. 2315. [Citations]
"The principal or statutory employer who is liable for compensation under the workmen's compensation statute is not a third person who can be subjected to a tort claim by an employee of his subcontractor. [Citations]"
This issue was also passed upon in the case of Auld v. Globe Indemnity Company, 220 F.Supp. 96 (W.D.La., 1963), wherein the Court, in denying contribution, stated as follows:
"* * * this State's Legislature has amended the Civil Code Article dealing with contribution, and the solution must be sought in the Civilian tradition, but it cannot be found in legislative action thus far taken. Article 2103 now provides that a defendant may seek contribution from another or others where an obligation is solidary. In Louisiana an obligation in solido, as defined in Article 2091 of the LSA-Civil Code, is as follows:
"`There is an obligation in solido on the part of the debtors, when they are all *758 obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.'
"The Louisiana Workmen's Compensation Statute exempts the employer from any duty to pay any tort damages for his negligence committed against his employee. His sole obligation is an absolute duty to pay Workmen's Compensation whether there was any fault on his part or not. See, e. g., Dandridge v. Fidelity and Casualty Co. of New York, 192 So. 887 (La.App., 1939). The right of contribution can exist only where the joint torts have imposed a common, solidary liability upon the joint tortfeasors to the injured party."
The third party plaintiffs cite many cases which, in the opinion of this Court, are not appropriate and will not be discussed here.
For the foregoing reasons the judgment sustaining the exception of immunity filed by the Department of Highways of the State of Louisiana is hereby reversed and this matter remanded to the lower Court for further proceedings.
The judgment sustaining the exception of no right or cause of action filed by South Coast Corporation and Zurich Insurance Company is affirmed.
The costs of this appeal are to be divided between plaintiff and the Department of Highways of the State of Louisiana, the costs of the lower Court to await final determination of this matter.
Reversed and remanded in part; affirmed in part.
REID, Judge (dissenting).
The majority opinion of this Court found that whatever immunity the Department of Highways of the State of Louisiana may have previously enjoyed has been waived when the provisions of LSA-R S. 48:22 (Acts 1942, No. 4, Section 8) are construed in connection with Article 3, Section 35, of the Constitution of 1921, as amended by Acts 1960, No. 621, adopted November 8, 1960, and based that view on the decision of the Louisiana Supreme Court in the case of Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965). The majority holds that under the language of the Hamilton case the immunity of the Department of Highways has now been waived. With this holding I cannot agree.
While it is true that an examination of LSA-R.S. 48:22 in the light of the Hamilton case and nothing more would lead to this conclusion, the interpretation of LSA-R.S. 48:22 by the Louisiana Supreme Court in the case of Westwego Canal & Terminal Co., Inc. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, throws a different light on the subject. In the Westwego case the Court held:
"It has been held, and now appears to be well settled, that the provision in Act 95 of 1921, Ex. Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La. App. 441; Orgeron et ux. v. Louisiana Power & Light Co. et al, 19 La.App. 628, 140 So. 282, in which writs of certiorari and review were refused by this Court."
In view of that holding by the Supreme Court, LSA-R.S. 48:22 does not in itself authorize suits against the Commission for recovery of damages ex delicto and would not, in my opinion, extend the immunity merely by a constitutional amendment which empowers the legislature to waive said immunity by special or general laws. It would be necessary to construe the language of LSA-R.S. 48:22 to be a legislative intent of waiver of immunity before a constitutional provision authorizing the waiver of same would apply. It is, therefore, my opinion that the general rule of *759 immunity set forth in the case of Mallard v. State, La.App., 194 So. 447, to the effect that:
"It is a universal rule of law that the sovereign and also its governmental agencies in the performance of governmental functions, may not be sued in tort by its own citizens in its own courts without the State's consent or authority being first yielded. In this State such consent can only be given by the Legislature."
is still in effect and has not been affected by an application of the waiver of immunity of Article 3, Section 35, of the Constitution to that provision of LSA-R.S. 48:22 which authorizes the Highway Department to be sued or interpleaded.
It is my opinion that the Louisiana Supreme Court did not mean to specifically overrule the case of Westwego Canal & Terminal Co., Inc. v. Louisiana Highway Commission, supra, and that the effect of the majority opinion in this case is to overrule that case.
It is also my opinion that although the Supreme Court is not clear in the Hamilton case as to the extent of its holding, it did not, in my opinion, mean to submit the Department of Highways of the State of Louisiana, to a multitude of suits without first requiring that legislative authorization be sought before a suit in tort could be brought against the Department of Highways.
Certainly this Court can take judicial notice of the fact that since the amendment to Article 3, Section 35, in every subsequent legislature, including the current session, many bills have been introduced authorizing permission to sue the Department of Highways, and it is not, in my opinion, sound for this Court to declare that the immunity formerly enjoyed by the Department of Highways to suits in tort has been waived by the enactment of Article 3, Section 35 of the Constitution of 1921, as amended, based upon the holding of the Hamilton case. Also, I am impressed with the position of the third party defendants to the effect that there has always been a distinction in the jurisprudence between suits brought in tort against cities and suits brought against the Department of Highways and its subdivision.
With the balance of the holding of the majority I am in agreement, but I must respectfully dissent from the ruling insofar as the exception to the immunity of the Department of Highways is concerned.
Rehearing denied.
REID, J., dissents from refusal to grant a rehearing.
NOTES
[1] The principal contractor who would be liable under the Workmen's Compensation Act for compensation benefits due the employee of a subcontractor or an independent contractor for injuries sustained in doing work the subcontractor was obligated to do for the principal.