McBRIDE, Judge.
Plaintiff sued the City of New Orleans and its liability insurer for damages for personal injuries allegedly sustained by plaintiff as the result of the negligent operation of a garbage truck by an employee of the City. The City filed an exception embodying a plea that it cannot be held liable because the collection of garbage is a governmental function and it is immune from suit or for liability for damages occasioned through its servant in the performance of such governmental function.
The exception was maintained and plaintiff’s demands against the City were dismissed, and plaintiff has appealed.
The plea that a municipality is exempt from an action ex delicto for the offenses or quasi offenses committed by its agents or employees whilst engaged in the performance of purely governmental functions is not available to the City of New Orleans in view of the 1960 amendment to Article III, Section 35 of the Constitution of 1921 which in part provides:
“The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability.”
The Supreme Court in Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529, decided that the above constitutional provisions eliminated the right of the City of Shreveport to impose as a defense its governmental immunity as a bar to a delictual action involving its performance of a governmental function. The court’s holding was based on the fact that Chapter 1, Section 1.01, Incorporation of the Charter of Shreveport, provides that “ * * * the City of Shreveport * * * shall be capable of suing and being sued, defending and being defended, impleading and being im-pleaded in all courts * * * ”, such language constituting an effective waiver of the city’s immunity from both suit and liability in a tort action within contemplation of the amended Article III, Sec. 35, Constitution of 1921. See also Terrebonne Parish School Board v. St. Mary Parish School *304 Board, 242 La. 667, 138 So.2d 104, and Pittman Construction Company v. Housing Authority of New Orleans, La.App., 169 So.2d 122; Lezina v. Fourth Jefferson Drainage District, La.App., 190 So.2d 97, decided by this court.
The City of New Orleans is in no different position from that occupied by the City of Shreveport. The Legislature has granted authority to the City of New Orleans to sue and be sued and under the holding in Hamilton v. City of Shreveport, supra, this amounts to full legislative waiver of governmental immunity in suits such as we have before us.
The City of New Orleans was granted a formal charter in 1912 when the Legislature of that year passed Act No. 159. In enumerating the powers of the City in Section 1(b) the Act provided, among other things, that the City “may sue and defend, plead and be impleaded, in all courts and places,” and we interpret this to be a plenary investiture of authority to sue and be sued.
True the City adopted a Home Rule Charter on November 4, 1952, to become effective May 1, 1954, which does not in specific language set forth that the City may sue or be sued. However, the City has that right as all power's it possessed by virtue of Act 159 of 1912 were retained in the Home Rule Charter. Article II, Section 2-101 thereof, provides:
“Section 2-101. Powers, (1) The City shall retain, to the same extent as if herein repeated, all rights, powers, privileges and authority that it has or could claim under the law of this State at the time of the adoption hereof, except as herein expressly modified.
“(2) In addition to the foregoing, the City shall have all rights, powers, privileges and authority herein conferred or herein enlarged, and all rights, powers, privileges and authority whether expressed or implied that may hereafter be granted to a similar corporation by any general law of the State, or that may be necessary or useful to enjoy a home rule charter.”
Moreover, R.S. 33:361 generally empowers municipal corporations within its boundaries to sue and be sued.
The dismissal of the suit as against the City of New Orleans was erroneous.
It is ordered, adjudged and decreed that the judgment appealed from be reversed and that the exception of the City of New Orleans pleading the defense of governmental immunity from this suit is dismissed.
Reversed.