On Application for Rehearing
PER CURIAM.
Appellants have filed an application for rehearing reasserting their reliance on the Supreme Court case of Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965) and on the First Circuit case of Lambert v. Austin Bridge Company, La. App., 189 So.2d 752 (1966). They also cite a more recent (1968) Third Circuit case, Herrin v. Perry, of which we were unaware when our opinion was handed down and which now appears in the advance sheets of the Southern Reporter at 215 So. 2d 177.
Both Lambert and Herrin are directly in point. They hold that under Article 3, § 35 of the Constitution, as amended in 1960, and LSA-R.S. 48:22 the Department of Highways no longer enjoys its former immunity from suits in tort. Both are based on the rationale that, in view of the language of Hamilton v. City of Shreveport, supra, the rule of that case is applicable and controlling. Hamilton held that a provision in the charter of the City of Shreveport authorizing the city to sue or be sued waived the city’s immunity from suit in view of the provisions of Article 3, § 35 of the Constitution, as amended. LSA-R.S. 48:22 contains a similar provision authorizing the Department of Highways to sue or be sued. Lambert and Herrin also held that while Hamilton did not specifically overrule the case of Westwego Canal & Terminal Co. v. Louisiana Highway Comm’n., *128 200 La. 990, 9 So.2d 389 (a Supreme Court case decided in 1942 holding, in part, that LSA-R.S. 48:22 does not authorize suits against the Commission or Department for the recovery of damages ex delicto), it nevertheless had the effect of overruling Westwego insofar as the latter’s interpretation of LSA-R.S. 48:22 was concerned.
In this case we have held that Hamilton does not have the effect of overruling the Westwego holding relative to LSA-R.S. 48:22 and that therefore we are required to follow Westwego. Our reconsideration of the constitutional amendment does cast some doubt on our conclusion. For Article 3, § 35 of the Constitution, as amended in 1960, provides “ * * * each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability.” (emphasis ours). If the words “for all purposes” are intended to, and do, include tort as well as contract, then West-wego has been overruled by the constitutional amendment and we are no longer bound by the holding in that case. If, on the other hand, “for all purposes” does not have this meaning and the amendment was passed for the purpose of simply doing away with the traditional distinction between immunity from suit and immunity from liability, as suggested in Hamilton at page 787 of the Louisiana citation and page 530 of the Southern Reporter citation, we continue to be controlled, and must follow, the holding in Westwego.
We prefer to adhere to our previous opinion and decree. For we note that in Lambert an application for writs was not considered because the same was not timely filed, 249 La. 768, 191 So.2d 143, while an application for writs in Herrin was granted on January 20, 1969. By denying the instant application for rehearing at this time and thus avoiding all further delays in this court, it will be possible for the Supreme Court to hear and decide this case at the same time it hears and decides Herrin.
Accordingly, appellants’ application for rehearing is refused.
Application refused.