WRIGHT, Presiding Judge.
Plaintiff originally brought an action in trespass for the cutting of trees. The defendants were J. B. Jones Timber Co., Inc. and C & L Timber Co. Jones was granted summary judgment. Verdict and judgment were had against C & L for $5,000 in January 1975. Finding the judgment against C & L uncollectible, plaintiff brought'an independent action[1] against Jones in November 1975. At the same time plaintiff included claims against Jones for trespass, conversion, detinue, common count and breach of contract. The basis of all the claims was that of the original suit, the cutting of plaintiff’s timber.
*354 The court set aside the summary judgment in the judgment on the bill of review and proceeded to trial with verdict and judgment for plaintiff in the amount of $5,000. Defendant appeals. The first issue presented is whether the court erred in granting relief under Rule 60(b).
The basis of the bill of review is the charge that the granting of the original summary judgment in favor of Jones was erroneous because at the time of the entry there were answers to interrogatories in the file which if considered would have presented a genuine issue as to a material fact and thus precluded entry of such judgment as a matter of law. The issue was whether C & L committed the trespass upon plaintiff’s land at the direction of Jones.
The facts upon which plaintiff relies are: Jones, a timber broker, purchased timber which it subsequently sold to C & L. C & L in cutting the timber crossed the line of plaintiff and cut some of his timber. At the time of the entry of summary judgment in favor of Jones, there were in the court file interrogatories propounded by Jones to C & L and the answers of C & L. One of the questions asked whether Jones’ forester had pointed out the boundary fence between the timber sold and that of plaintiff. C & L answered that the forester of Jones had' “pointed out to an agent of C & L certain fence lines and informed the agent for C & L that the fence line pointed out was not an effective boundary.”
Plaintiff contended that at the time of judgment he did not know of this answer of C & L, as he was not served with the interrogatories and answers between Jones and C & L. Plaintiff’s theory is that the answer of C & L presents a scintilla of evidence that Jones directed or participated in the trespass of C & L. Had the answer been considered by the court, summary judgment would have been contrary to law.
The trial court agreed with the contention of plaintiff and set aside the summary judgment.
We will not get involved in discussing whether a bill of review was a proper proceeding in this case. The appeal must be decided adversely to plaintiff on his own theory for relief. That is, that the answer of C & L to the interrogatory presents an issue of fact.
Answers to interrogatories may not be considered on motion for summary judgment unless they are admissible in evidence and otherwise conform to the requirements of Rule 56(e). S & S Logging Co. v. Barker, 366 F.2d 617 (9th Cir. 1966); 10 Wright & Miller, Fed.Prac. & Proc., § 2722. See Oliver v. Brock, 342 So.2d 1 (Ala.1976). The answer depended upon by plaintiff was clearly hearsay and not stated as personal knowledge. Indeed, if the answer were admissible, we do not consider it legally sufficient to furnish a scintilla that Jones directed, or participated in, the trespass committed by C & L. There is not alleged or shown any relationship of master-servant or principal and agent between Jones and C & L. To the contrary, there was no such relationship through which Jones had any right of direction or control over C & L. Therefore, Jones could not be charged with any act of C & L. Moore-Handley Hardware Co. v. Williams, 238 Ala. 189, 189 So.2d 757 (1939). The statement allegedly made by the agent of Jones to an agent of C & L was at most an opinion or the giving of information.
We declare the setting aside of the summary judgment on the ground that the answer to the interrogatory was sufficient to present a material issue of fact was erroneous.
It is unnecessary to discuss the further issues, that the answer was inadmissible at trial, and that defendant Jones’ motions for directed verdict and judgment notwithstanding the verdict were due to be granted. Certain it is that if the answer were inadmissible to prevent summary judgment, it was inadmissible at trial. At that time it was not only inadmissible as hearsay, but also for absence of opportunity for cross-examination. Rule 26(b), ARCP; 4A Moore’s Fed.Prac. ¶ 33.29. It is further certain that even if admissible, standing alone, as it did, it was insufficient to furnish even a scintilla for the jury.
*355 It is the judgment of this court that the court erred in granting relief from the summary judgment and in holding trial on the merits. We further find the trial court erred in failing to sustain objection of defendant to the admission into evidence of the answer of C & L Timber Co. to the interrogatory of Jones filed in the original case. We further find that the trial court erred in failing to direct a verdict upon motion of defendant Jones. Other issues presented are pretermitted.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.

. Such independent proceeding as a bill of review remains available under Rule 60(b), ARCP under the same conditions as before adoption of the rule. See Committee Comments, Rule 60(b), ARCP.