*641 WEIMER, J.,
concurring in part, dissenting in part.
hi agree that the plaintiff’s unjust enrichment claim brought against the State of Louisiana, Department of Children and Family Services, is a quasi-contractual claim. That unjust enrichment claim, therefore, is not authorized under La. Const. art. XII, § 10(A), which the majority correctly notes waives sovereign immunity only for claims based on contract or tort. I respectfully disagree, however, with the majority that the plaintiffs claim has not been authorized under La. Const. art. XII, § 10(B), when the legislature established the Department of Children and Family Services, as “a body corporate with the power to sue and be sued.” La. R.S. 36:471(A).
Under La. Const. art. XII, § 10(B), for “other suits against the state, a state agency, or a political subdivision,” the legislature “may authorize” such suits by a “measure ... waiving] immunity from suit and liability.” The legislature’s designation of the Department of Children and Family Services as having “the power to sue and be sued” is a clear and unqualified waiver of immunity from suit and liability for all purposes.
The majority, however, attempts to restrict the “power to sue and be sued” language of La. R.S. 36:471(A) to only suits based in contract or tort. To impose such a restriction on what is facially broad language, the majority turns to this court’s 12prior opinion in Chamberlain v. State, Dept. of Transp. and Dev’t, 93-472 (La.9/3/93), 624 So.2d 874. In Chamberlain, the court noted that that Section 10(B), inasmuch as it requires the legislative consent for liability stemming from “other suits,” retains “some vestige of sovereign immunity as a viable doctrine.” Id., 624 So.2d at 882. The majority, in the instant case, then traces the history of the sovereign immunity doctrine, finding that immunity still exists for suits besides tort or contract suits, and concludes that immunity bars plaintiffs quasi-contract suit. I respectfully suggest the majority errs.
In its historical narrative, the majority attempts to limit this court’s decision in Herrin v. Perry, 254 La. 933, 228 So.2d 649 (1969). In Herrin, this court examined the effect of statutory language permitting the state Department of Transportation to “sue and be sued,” and concluded the quoted language constituted a waiver of sovereign immunity. The Herrin court explained that “the ‘sue and be sued’ provision in the charter or organic act of any body enumerated in the 1960 Constitutional Amendment must be construed as a general waiver of immunity from suit.” Herrin, 228 So.2d at 656. The limitation the court presently places on Herrin is based on the fact that the “court was not confronted with the scope of the waiver of immunity outside of the tort context.”
The distinction the majority now draws misses the point. The proper focus is on the effect of the legislature’s choice to waive immunity when it employs the terms “sue and be sued.” The alternative to language that waives immunity for any cause of action, would be to require the legislature to list every conceivable cause of action. Therefore, rather than accept that the legislature intended “sue and be sued” to cover every type of suit, the majority apparently reverts to a requirement that the legislature employ “magic words” to specify the type of suit for which sovereign immunity has |obeen waived. There is a general disfavor in the law to require the use of such “magic words,” and it is unfitting for this court to foist such an encumbrance upon the legislature to list every type of suit for which immunity applies when the simple phrase “any and all suits” plainly suffices. See, e.g., Harrah’s *642 Bossier City Inv. Co., LLC v. Bridges, 09-1916, p. 17 (La.5/11/10), 41 So.3d 438, 450 (ruling, in the context of tax exemptions established by the legislature: “There are no ‘magic words’ necessary to create an exemption or an exclusion; the determining factor is the effect of the statute: ‘the words and form used legislatively in granting an exemption are not important if, in their essence, the Legislature creates an exemption.’ ”), quoting Wooden v. Louisiana Tax Commission, (La.2/20/95), 650 So.2d 1157, 1161.
Also downplayed in the majority’s historical narrative of sovereign immunity is that this court had concluded before Herrin that “sue and be sued” equates to a broad legislative waiver of sovereign immunity. That is, the majority cites Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529, 530 (1965), and notes that the legislature’s use of “sue and be sued” language was at issue. Further, the majority correctly recites that this court ruled that the “sue and be sued” language was “effective and valid for all purposes ... a waiver of the defendant’s immunity from both suit and from liability.” (Emphasis added.) However, the majority attempts to distance itself from the ruling in Hamilton that the waiver was “valid for all purposes.” Canal/Claiborne, Ltd v. Stonehedge Development, LLC, No. 14-0664, op. at 635-36.
To place distance between the instant case and Hamilton, the majority notes that Hamilton dealt with a tort suit. At the time Hamilton was decided, however, the constitution lacked the present waiver found in Section 10(A), expressly waiving immunity in contract and tort. Therefore, the only significant point to be drawn from ^Hamilton is not one of limitation, but rather that this court gave the “sue and be sued” language an expansive meaning: “effective and valid for all purposes.” See Hamilton, 174 So.2d at 530 (emphasis added).
The majority never explains why the broad “sue and be sued” language, which must be assumed to have been deliberately chosen by the legislature,[1] is insufficient to serve as a waiver of non-tort/non-contract suits under Section 10(B). Even more instructive than this court’s ruling in Hamilton are the following principles, which compel the conclusion that the legislature’s use of “sue and be sued” language reflects a waiver under Section 10(B).
One of the governing principles is found in the Chamberlain opinion, on which the majority relies for its historical narrative. In Chamberlain, 624 So.2d at 879, this court explained: “Unlike the federal constitution which grants powers, the Louisiana constitution, in general, limits powers. Polk v. Edwards, 626 So.2d 1128, 1132 n. 4 (La.1993) (No. 93-CA-0362) (noting that “state constitutions typically contain limits on governmental authority rather than grants of power as with the federal constitution”).” Under this principle, unless restricted by the constitution, the legislature is free to waive immunity for all causes of action.
Another longstanding principle indicates that we are to look for a restriction in the constitution by using “the same general rules used in interpreting laws and written instruments.” East Baton Rouge Parish School Bd. v. Foster, 02-2799, pp. 16-17 (La.6/6/03), 851 So.2d 985, 996, citing Caddo-Shreveport Sales And Use Tax Commission v. Office of Motor Vehicles, Dept. of Public Safety and Corrections, 97-2233, p. 6 (La.4/14/98), 710 So.2d 776, 780, *643 and Radiofone, Inc. v. City of New Orleans, 93-0962, p. 6 (La.1/14/94), 630 So.2d 694, 698.
Under these principles, this court is tasked with examining Section 10(B) for indicators that “sue and be sued” is insufficient to waive immunity for non-tort/non-contract suits. Article XII, § 10(B) provides: “Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.” [2]
Nothing in the language of Article XII, § 10(B) places any restriction on the legislature’s chosen method to waive liability. Returning to the majority’s historical narrative, because the constitutional framers drew a distinction between suits for tort/contract and all other suits, it is reasonable to infer that the legislature, if it had so chosen, in turn could have drawn a similar distinction when authorizing suits against the Department of Children and Family Services. As this court long ago noted, “[t]he members of the Legislature are presumed to know the law.” State ex rel. Varnado v. Louisiana Highway Commission, 177 La. 1, 147 So. 361, 362 (1933). Therefore, instead of designating the Department as “a body corporate with the power to sue and be sued” as indicated in La. R.S. 36:471(A), the legislature |c,could have designated the Department as “a body corporate with the power to sue and be sued” in contract or tort.
By presently failing to give effect to the plain and broad designation of the Department as “a body corporate with the power to sue and be sued,” the majority effectively perpetuates a flawed policy. That is, the majority is rightly critical of the line of cases under the former constitution, holding that the legislature’s waiver of immunity was a “mere invitation ‘to visit the courthouse’ to file suit and to be thrown out shortly thereafter on an exception of no cause of action. See Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594 (1959); Stephens v. Natchitoches School Board, 238 La. 388, 115 So.2d 793 (1959).” Canal/Claiborne, No. 14-0664, op. at 634-35. The Duree and Stephens cases essentially put litigants in the position of having a right, but no remedy. Similarly, the majority’s present refusal to recognize the “sue and be sued” language as a waiver for the plaintiffs quasi-contractual suit contravenes the notion that if a state agency enters a private marketplace, the agency should be held accountable just as a non-governmental entity would be accountable. Cf. Williams v. State, Dept. of Health and Hospitals, 97-0055, pp. 6-7 (La.12/2/97), 703 So.2d 579, 583 (commenting on the treatment of sovereign immunity under the current state constitution, this court explained: “the abrogation of sovereign immunity necessitates the application of the law of the land equally to the sovereign and the private litigant.”).
*644 To recap this court’s historical interpretation of the “sue and be sued” language, this court has already given an expansive meaning to the legislature’s use of “sue and be sued” for purposes of waiving governmental immunity. There is no significant difference between the prior constitution, as amended in 1960, and the current constitution that would result in restricting this expansive meaning.
The majority’s new, restrictive interpretation begs an important question. If, as the majority holds, the language “sue and be sued” provides limited authority to a litigant to recover against the state’s Department of Children and Family Services, is it consistent for “sue and be sued” to nevertheless suffice to authorize the Department of Children and Family Services to recover against a litigant? Pursuant to La. R.S. 46:236.1.2, that agency is authorized inter alia to obtain child support orders, establish paternity, and obtain medical support orders. Each of those actions is greatly different in character, but none of those actions sounds in contract or tort. It would seem inconsistent to hold that “sue and be sued” is insufficient to enable the agency to litigate a wide range of non-tort/non-contract actions, but “sue and be sued” is not broad enough to waive immunity for non-tort/ non-contract actions. The proper aim of this court is to harmonize statutory provisions, not cast them into conflict or doubt. State v. Louisiana Land and Exploration Co., 12-0884, p. 9 (La.1/30/13), 110 So.3d 1038, 1045 (“It is equally well settled under our rules of statutory construction, where it is possible, courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter.”).
Reading the phrase “sue and be sued” to mean that the legislature has authorized and waived immunity for tort, contract, and all other causes of action is supported by a plain reading of that phrase. That meaning harmonizes the agency’s statutory duty to file a wide range of non-contract/non-tort suits under . La. R.S. 46:236.1.2, with the agency’s obligation to be responsible for its actions in the marketplace under the “sue and be sued” provision of La. R.S. 36:471(A). When a cause of action against the agency is not based in contract or tort, the legislature’s directive that the agency is enabled to “sue and be sued” encourages the agency to act |sresponsibly only if “sue and be sued” is interpreted to waive immunity for non-tort/non-contract causes of action.
In a related vein, because the decision in St. John the Baptist Parish v. State ex rel. Dept. of Wildlife and Fisheries, 02-612 (La.App. 5 Cir. 10/16/02), 828 So.2d 1229, 1230-31, can be interpreted to broadly hold “sue and be sued” language constitutes a general waiver of immunity in an action challenging the Department of Wildlife and Fisheries’ ability to enforce its camping regulations (an action which is not grounded in contract or tort), I find that the St. John the Baptist Parish court ruled properly. Unlike the majority here, I would not overrule any portion of St. John the Baptist Parish.
In conclusion, I respectfully dissent from the majority’s ruling, inasmuch as that ruling does not construe the phrase “sue and be sued” as a waiver of immunity to the plaintiffs quasi-contractual claims and redefines that phrase, which this court had previously held was “effective and valid for all purposes,” as a waiver of sovereign immunity. See Hamilton, supra (emphasis added).

. See, e.g., Tin, Inc. v. Washington Parish Sheriff's Office, 12-2056, p. 14 (La.3/19/13), 112 So.3d 197, 207 (“[W]hen interpreting a statutory provision, we must presume that the Legislature acts deliberately-").

. The language authorizing the legislature to waive immunity is consistent with Article III, § 35 of the 1921 Constitution as amended by 1960 La. Act 621, which in pertinent part provides:
The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability.