Mary Ellen **SCHATTMAN**

v.

**TEXAS EMPLOYMENT COMMIS-
SION et al.**

Civ. A. No. A–70–CA–75.

United States District Court,
W. D. Texas,
Austin Division.

Feb. 25, 1971.

⊛⇒2658

———◆———

David Richards, Austin, Tex., for plaintiff.

Crawford C. Martin, Atty. Gen. of Texas by Asst. Atty. Gen. Jack Sparks, Austin, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERTS, District Judge.

Plaintiff was employed by the Texas Employment Commission, Austin District Office, as a Labor Market Analyst, Class 1, until May 29, 1970, at which time she was involuntarily terminated because she was pregnant. This termination was pursuant to a maternity leave policy maintained and enforced by the Defendants. Defendants stipulate that Plaintiff was a qualified employee, and the evidence indicates that she was a permanent desk worker whose job entailed no significant physical exertion or personal contact with the public. Hence, there is no basic dispute as to the facts or the exhaustion of administrative remedies. The issue before the Court is whether a policy requiring pregnant females to terminate their employment no later than two (2) months before the expected delivery date violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

By virtue of female physiology, the Defendants' policy applies solely to women. Women are terminated not because of their unwillingness to continue work, their poor performance, or their need for personal medical safety, but because of a condition attendant to their sex. This is the very type of discriminatory regulation condemned by the interpretive regulations of the Equal Employment Opportunity Commission. 29 C.F.R. § 1604.1(a) provides in part that

> The principle of non-discrimination requires that individuals be considered on the basis of individual capacities and not on the basis of any characteristics generally attributed to the group.

In view of this provision, Richards v. Griffith Rubber Mills, 300 F.Supp. 338, 340 (D.Or.1969), concluded that "the law no longer permits either employers or the states to deal with women as a class in relation to employment to their disadvantage."

Although Defendants' policy is thus violative of 42 U.S.C. § 2000e–2(a), it can be sustained by showing under 2000e–2(e) that it "is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise." To prevail under this exception, according to Weeks v. Southern Bell Telephone & Telegraph, 408 F.2d 228, 235 (5th Cir. 1969),

> * * * an employer has the burden of proving that he had reasonable cause to believe, that is, a factual basis for believing, that all or substantially all women would be unable to perform safely and efficiently the duties of the job involved.

Defendants clearly did not sustain their burden under this exception. They based their policy on mere historical reasons, which have not been reexamined for fourteen years. This Court is convinced that there was not such an impairment of efficiency, if any, as to justify TEC's outmoded policy. Indeed, defendants took almost as much time to replace Mrs. Schattman as would have been required by her doctor for the childbirth and recovery.

For the foregoing reasons, plaintiff's request for relief declaring the defendants' maternity leave policy invalid is accordingly GRANTED, and defendants are permanently ENJOINED from maintaining this policy. This is not to say that TEC or any other employer cannot have such a policy based on individual medical or job characteristics, but it does mean that broad policies not so justified are contrary to law.

There remains the more difficult question of damages, which the Court resolves by applying the general law of Texas as to wrongful termination of an employment contract. After discharge, plaintiff satisfied her duty to mitigate damages by seeking temporary employment. Since her lack of typing ability

prevented such employment, she received no wages and is therefore entitled to the salary and accumulated sick and vacation leave that she would have received during the latter part of June, all of July, and the first part of August had not defendants enforced their discriminatory policy, less any amounts previously paid plaintiff for this period. Damages hereby awarded to plaintiff total $1103.72.

Defendants have strongly urged the Court to deny plaintiff damages on the basis of various cases upholding the doctrines of sovereign and official immunity. Clearly plaintiff cannot hold the individual defendants personally liable, and she may experience difficulties in recovering damages from the State. Nevertheless, plaintiff has been injured by defendants' illegal policy and damages will be awarded.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law in accordance with Rule 52(a), Federal Rules of Civil Procedure.

It is accordingly ordered, adjudged, decreed and declared as follows:

(1) Defendants' present policy of terminating the employment of pregnant female employees no later than two (2) months before the expected delivery date is hereby DECLARED to be invalid as contrary to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the regulations of the Equal Employment Opportunity Commission, 29 C.F.R. § 1604.1(a);

(2) Defendants are hereby permanently ENJOINED from maintaining or enforcing any policy for the termination of employment of pregnant female employees that is based solely on the fact of pregnancy, or a specific number of months of pregnancy, and not upon individual capacities or characteristics such as ability to perform specific duties of employment, efficiency, personal medical safety, or willingness to continue work; and

(3) It is ordered and adjudged that the plaintiff Mary Ellen Schattman re-cover of defendant Texas Employment Commission the sum of $1103.72, with interest thereon at the rate of six (6) percent as provided by law, her costs of action, and attorney's fees in the amount of $500.00.

Signed and entered this the 24th day of February, 1971, at Waco, Texas.

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

■ Considering the development of this case, Defendants' present motion for relief from judgment is somewhat unusual. At every stage of this litigation Defendants have urged their unique relationship with the state government as a bar to recovery by Plaintiff. Now after rejection of these contentions in this Court's Memorandum Opinion and Judgment, Defendants return once more through the mechanism of Rule 60, Federal Rules of Civil Procedure. Although a final judgment has been entered and an appeal has been perfected by the filing of a notice of appeal, this Court retains jurisdiction to consider and deny a motion under Rule 60(b). Ferrell v. Trailmobile, Inc., 223 F.2d 697 (5th Cir. 1955).

While Defendants' motion does not specify a particular section of Rule 60, apparently relief is sought under Rule 60(b). The only basis for granting the motion is newly discovered law, which through the Defendants' mistake or inadvertence has not been previously raised as a defense. In this situation even a controlling statute would provide a doubtful basis for setting aside this Court's judgment. As 3 Barron & Holtzoff, Federal Practice and Procedure § 1325, at 406, summarizes,

> * * * a party cannot have relief under Rule 60(b) (1) merely because he is unhappy with the judgment. Instead he must make some showing as to why he was justified in failing to avoid mistake or inadvertence.

*See also* Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299 (2d Cir. 1958).

Moreover, the defense now raised by Defendants, 42 U.S.C. § 2000e(b), does not substantively alter this Court's original judgment. By excepting "a State or political subdivision thereof" from its definition of "employer" for purposes of the Equal Employment Opportunities subchapter of the Civil Rights Act, this statute allegedly bars actions against Defendants. Even assuming that Defendants' sole classification under the Act is that of "employer", the exclusion is of no avail. Such a statutory definition must be interpreted in light of the broader command of the Fourteenth Amendment, which assures "a constitutional right to be free from unreasonably discriminatory practices with respect to [public] employment." Whitner v. Davis, 410 F.2d 24, 30 (9th Cir. 1969).[1] Numerous cases have noted the need for states and their subdivisions to comply with the constitutional demand of equal treatment for public employees. *See, e. g.,* Wall v. Stanly County Bd. of Educ., 378 F.2d 275 (4th Cir. 1967); Penn v. Stumpf, 308 F.Supp. 1238 (N. D.Cal.1970); McConnell v. Anderson, 316 F.Supp. 809 (D.Minn.1970).[2]

■ This Court can do no less here. As previously determined in the Court's Memorandum Opinion, termination of a woman's employment because of a condition attendant to her sex is an unreasonably discriminatory practice. Hence the exclusion belatedly urged by the Defendants must be construed along with the rights guaranteed by the Fourteenth Amendment, 42 U.S.C. § 2000e(b) cannot constitutionally be permitted to bar the recovery of Plaintiff, a civil service-merit system type public employee.[3]

■ Defendants, however, are in the unique position of being more than just an "employer"; they are also an "employment agency" as defined in 42 U.S.C. § 2000e(c). Accordingly Defendants are further governed by 42 U.S.C. § 2000e–2(b), which provides that "It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his * * * sex * * *." Defendants contend that this section applies only to their referral activities and not to their own discriminatory employment practices. Such an interpretation would render meaningless the phrase "or otherwise to discriminate against, any individual". This view is without authoritative support; it has already been rejected in Johnson v. Louisiana State Employment Service, 301 F. Supp. 675 (W.D.La.1968). Surely there are many reasons for requiring of state employment agencies the highest standards in equal employment opportunities. Private employers can hardly be expected to comply voluntarily with the law when the state employment service operates in open disregard of the national policy of nondiscrimination.

Because of the importance in this case of the constitutional right to nondiscriminatory treatment in public employ-

1. Wieman v. Updegraff, 344 U.S. 183, 192, 73 S.Ct. 215, 219, 97 L.Ed. 216 (1952), reaffirmed in Cramp v. Bd. of Public Instruction, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961), "We need not pause to consider whether an abstract right to public employment exists. It is sufficient to say that constitutional protection does extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory." See also Keyishian v. Bd. of Regents, 385 U.S. 589, 605–606, 87 S.Ct. 675, 17 L.Ed. 2d 629 (1967).

2. See also Baines v. City of Danville, 337 F.2d 579, 586 (4th Cir. 1964); Chambers v. Hendersonville City Bd. of Educ., 364 F.2d 189, 193 (4th Cir. 1966); Arrington v. Massachusetts Bay Transportation Auth., 306 F.Supp. 1355 (D.Mass.1969).

3. Considering both the exclusion of 42 U.S.C. § 2000e(b) and the Fourteenth Amendment, one court has suggested that the "right to public employment is hybrid, existing in the civil service-competitive-merit area and not existing in the elective-appointive area." Wilson v. Kelley, 294 F.Supp. 1005 (N.D.Ga.1968), aff'd per curiam, 393 U.S. 266, 89 S.Ct. 477, 21 L.Ed.2d 425 (1968). While this is probably a proper limitation on the right to nondiscrimination in public employment, Plaintiff here clearly falls within the protected category.

ment, this Court's earlier Judgment also indicated jurisdiction under the provisions of 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3) and (4).[4]  Clearly 42 U.S.C. § 2000e(b) in no way effects Plaintiff's recovery under these statutes.

Accordingly, Plaintiff's cause has a multiple bases of support, which is not defeated by Defendants' newly discovered law.  Therefore, it is ordered that Defendants' Motion for Relief From Judgment be, and is hereby, denied.

---

4. Of course, even violation of Plaintiff's statutory rights under 42 U.S.C. § 2000e et seq. would support this Court's jurisdiction under 42 U.S.C. § 1983.  See Gomez v. Florida State Employment Service, 417 F.2d 569, 578 (5th Cir. 1969).