Jane **MONELL** et al., Plaintiffs,

v.

**DEPARTMENT OF SOCIAL SERVICES OF the CITY OF NEW YORK** et al., Defendants.

No. 71 Civ. 3324.

United States District Court, S. D. New York.

April 12, 1972.

Nancy Stearns, Center for Constitutional Rights, New York City, Oscar G. Chase, Brooklyn, N. Y., for plaintiffs.

J. Lee Rankin, Corp. Counsel, City of New York, by Victor P. Muskin, Asst. Corp. Counsel, New York City, for defendants.

*Memorandum Opinion and Order*
*on Motion to Dismiss and*
*for Summary Judgment*

MOTLEY, District Judge:

This is an action by female employees of the New York City Board of Education and the New York City Department of Social Services on behalf of themselves and other female employees in city agencies similarly situated. Plaintiffs challenge, on federal constitutional grounds, rules and regulations of the defendant city agencies which plaintiffs claim arbitrarily compel pregnant women employees to take unpaid leaves of absence when they desire to and are capable of continuing to work beyond the mandatory leave period.

The complaint alleges that in the case of pregnant female employees agency *policy* permits such employees to work through the seventh month of pregnancy with the approval of the agency physician. However, under city-wide leave *regulations* pregnant female employees are permitted to work only until the completion of the fifth month of pregnancy, unless they receive agency medical approval *and* approval of the head of the agency involved (Complaint, para. 22, 26.) The only exception to the aforesaid policy obtains when the eighth month of pregnancy occurs during the last month of the school term (Complaint, para. 28.) This, of course, applies only to women in the school system.

The primary constitutional claim is that the policy making unpaid leave mandatory at the end of the seventh month of pregnancy is arbitrary and without medical foundation and therefore violates plaintiffs' rights to liberty and property and equal protection guaranteed them by the Fourteenth Amendment to the Constitution.

Defendants have moved to dismiss this action on the ground that 1) the court lacks jurisdiction of the subject matter; or 2) the complaint fails to

state a complaint on which relief can be granted. The motion is denied.

Jurisdiction in this court is predicated solely on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3), the civil rights statutes.

■ In moving to dismiss the action on jurisdictional grounds defendants relied upon the decision of the Second Circuit in Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969) and its progeny. Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971); Canty v. Board of Education, 448 F.2d 428 (2d Cir. 1971). Defendants' claim is that the gravamen of the complaint—that plaintiffs have been deprived of the income they would have earned had they not been required to take maternity leave—is nothing more than a claim of injury to personal liberty which is dependent for its existence upon the infringement of a property right and, therefore, not a claim cognizable under the civil rights jurisdiction of this court. 28 U.S.C. § 1343(3).

In Eisen v. Eastman, the Second Circuit had held that jurisdiction under the Civil Rights Acts, Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 1343(3), could not be predicated on a claim of infringement of property rights. However, the Supreme Court in Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1115, 31 L.Ed.2d 424 (1972) ruled that it "has never adopted the distinction between personal liberties and proprietory rights as a guide to the contours of § 1343(3) jurisdiction" and expressly rejected the distinction. The complaint, therefore, cannot be dismissed for lack of subject matter jurisdiction.

■ Plaintiffs' equal protection claim is that the requirement that a woman employee take a leave of absence at an arbitrary period during her pregnancy discriminates against women generally, and pregnant women in particular, in violation of rights guaranteed by the Fourteenth Amendment, by placing an unconstitutional limitation on their employment.

It is true, as plaintiffs claim, that equal rights for women is an idea whose time has come. As a result, the courts have begun to re-examine all sex based restrictions and to apply with increasing sensitivity the guarantee of equal protection of the laws to prohibit arbitrary sex discrimination. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (discrimination against unwed fathers with respect to custody of their children); Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) (discrimination against women in appointment to administration of estates); White v. Crook, 251 F.Supp. 401 (M.D. Ala.1966) (jury discrimination against women); United States ex rel. Robinson v. York, 281 F.Supp. 8 (D.Conn.1968) (unequal sentences for men and women); Kirstein v. Rector and Visitors of University of Virginia, 309 F.Supp. 184 (E.D.Va.1970) (exclusion of women from state institution of higher education); Sail'er Inn, Inc. v. Kirby, 5 Cal. 3d 1, 95 Cal.Rptr. 329, 485 P.2d 529 (1971) (exclusion of women from employment as bartenders); Perry v. Grenada Municipal Separate School District, 300 F.Supp. 748 (N.D.Miss.1969) (exclusion of mothers of illegitimate children from public schools).

■ Discrimination against women in employment generally is now prohibited by national law. 42 U.S.C. § 2000e. Discrimination against pregnant women employees and in the application of disability benefits to pregnancies has recently been prohibited by the Rules and Regulations of the Equal Employment Opportunity Commission. 37 Fed.Reg. 6837. An equal rights amendment to the Federal Constitution is making its way through the ratification process of the states. Sex legislation is thus automatically suspect. Reed v. Reed, *supra.*

Very recently two federal district courts relied upon the guarantee of equal protection to invalidate state maternity leave policies similar to those in the instant case. Cohen v. Chesterfield County School Board, 326 F.Supp. 1159 (E.D.Va.1971); Schattman v. Texas Employment Commission, 330 F.Supp. 328, 331 (W.D.Texas 1971). The favor-

able decision in the *Schattman* case, however, was reversed by the Court of Appeals for the Fifth Circuit, 459 F.2d 32 (5th Cir. 1972) (Judge John Minor Wisdom, dissenting). The majority held that the compulsory maternity leave after the seventh month involved there was shown to be reasonably and rationally related to a permissible state purpose.

In Cohen v. Chesterfield County School Board, *supra,* women were required to take a leave of absence after the fifth month of pregnancy. There the court ruled: "The maternity policy of the School Board denies pregnant women such as Mrs. Cohen equal protection of the laws because it treats pregnancy differently than other medical disabilities. Because pregnancy, though unique to women, is like other medical conditions, the failure to treat it as such amounts to discrimination which is without rational basis, and therefore is violative of the equal protection clause of the Fourteenth Amendment." (326 F.Supp. at 1161.)

The instant complaint, therefore, cannot be dismissed for failure to state a claim upon which relief may be granted.

■ On the other hand, plaintiffs' motion for summary judgment cannot be granted. The central issue of fact is disputed. Plaintiffs claim that women are compelled in every case to leave in the seventh month of pregnancy, except when the eighth month of pregnancy occurs during the last month of the school term. On page 16 of defendants' brief on their motion they assert: "A teacher may continue working, however, until such time as her pregnancy condition interferes with the effective performance of her duties. There is no arbitrary seven month rule." Defendants state in a letter dated March 28, 1972, addressed to the court, that their policy is that an "individualized medical judgment is made in each case accommodating the teacher's desires with its medical examiner's professional judgment as to her ability to deliver satisfactory performance with reasonable safety to herself."

In the *Cohen* case the court ruled that "since no two pregnancies are alike, decisions of when a pregnant teacher should discontinue working are matters best left up to the woman and her doctor." (326 F.Supp. at 1160.) Whether the defendants would accept the medical judgment of the pregnant teacher's doctor and a waiver of any claim of liability against defendants, such as was offered by one of the plaintiffs, is not at all clear. Whether defendants require other medically disabled persons to submit to the medical judgment of defendants' doctors as opposed to their own is also not clear.

Therefore, the plaintiffs' motion for summary judgment must be denied.

■ Plaintiffs have also moved for an order designating the present action a class action. The motion is granted. Plaintiffs represent a class which is so numerous that joinder of all members is impractical. There are numerous women employees in the City of New York's many agencies. There are questions of law and fact common to the class. The claims of the instant plaintiffs are typical of the claims of other members of the class. This court finds that plaintiffs will fairly and adequately protect the interests of the class. The action is further maintainable as a class action since the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and effective adjudication of the controversy. The court also finds all other criteria for determining whether a class action should be allowed met in this case. Rule 23, Fed.R.Civ.P.

So ordered.