**William B. HINES and Marvin Thomas et al., Individually and on behalf of all others similarly situated,**

v.

**George D'ARTOIS et al.**

**Civ. A. No. 19582.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

July 1, 1974.

As amended Oct. 3, 1974.

---

Henry C. Walker, IV, Shreveport, La., and George M. Strickler, Jr., New Orleans, La., for plaintiffs.

John Gallagher, Shreveport, La., for all three original defendants.

Roland J. Achee, Shreveport, La., for Fire and Police Civil Service Board.

William J. Guste, Jr., Atty. Gen., and John L. Avant, Special Counsel, Baton Rouge, La. and A. Mills McCawley, Special Counsel, and Peters & Ward, Hugh T. Ward, Shreveport, La., for defendants in intervention.

PUTNAM, District Judge.

## RULING ON MOTIONS

The plaintiffs in this suit are thirty-two black police officers who are members of the police force of the City of Shreveport, Louisiana, one black person who was discharged from the force, and one unsuccessful black applicant for employment on the force. They sue individually and on behalf of three classes of persons alleged to be (1) all black applicants for employment on the force who have been rejected; (2) all future black applicants for such employment; and (3) all blacks who have served on the force but have been discharged. It is pointed out in brief that there is no class composed of black officers currently on the force because all such officers are named plaintiffs in the suit.

The defendants named in the original complaint are the Commissioner of Public Safety, George D'Artois, the Chief of Police, T. P. Kelly, both sued in their official and individual capacities, and the City of Shreveport, a municipal corporation and political subdivision of the State, of which the Police Department is a branch. All police officers are employees of the City.

There is now pending before us a motion to join as additional parties defendant five members of the Shreveport Municipal Fire and Police Civil Service Board, viz: David H. Walke, Chairman; Gilbert L. Hetherwick, member, Gen. W. E. Eubank, Jr, member; David H. Huddleston, member; and William K. Matlock, member. The motion alleges that under Article 14, Section 15.1, Subparagraph 7 of the Louisiana Constitution of 1921, Municipal Fire and Police Civil Service Boards are authorized to administer the civil service systems for fire and police departments, including the adoption and implementation of classification plans which designate the lines of promotion and demotion within the departments. The motion states, *inter alia,* that: "Since the Board is the agency responsible for adoption and administration of the classification plan, it is plainly a proper party to these proceedings." No objection is made to the joinder of these parties, but it is clear from the motion that they are sued only in their official capacities.

Heretofore, Mr. John C. Runyon, State Examiner for Municipal Fire and Police Civil Service Boards, was permitted to intervene as a defendant upon counsel representing to the Court that there was no objection to his intervention, which is clearly in his official capacity as State Examiner, an officer of the State of Louisiana, charged with the duty to "advise the appointing authority, departmental officers and classified employees of the Shreveport Police Department regarding obligations imposed on them by the Civil Service Systems," pursuant to the provisions of the Louisiana Constitution cited above. (See petition of intervention, paragraph I, Defenses, filed by Mr. Runyon.)

The equitable relief prayed for by plaintiffs could, under the allegations of racial discrimination against black officers as applied by the defendants, cause changes in the administration of the system's rules pertaining to seniority and preferences, assuming that there is a factual basis for the complaint. In addition, plaintiffs claim monetary damages. Although we granted Mr. Runyon's motion on February 6, 1974, we re-open it on our own motion at this time and will give it consideration along with all other motions as hereinafter set out.

In addition to the foregoing, we have before us for decision the following motions:

1. A motion to dismiss for lack of jurisdiction filed by the City of Shreveport;

2. Motions by defendants D'Artois and Kelly to dismiss for failure to join an indispensible or necessary party, the Shreveport Fire and Police Civil Service Board;

3. Motions by these same two defendants to dismiss for failure to exhaust administrative remedies available to them under the State Civil Service System;

4. A motion by Shreveport Public Local 646, National Union of Police Officers, AFL–CIO, to intervene.

Jurisdiction is alleged to attach pursuant to 28 U.S.C.A. § 1343(4), and 42 U.S.C.A. §§ 1981 and 1983, and under the Fourteenth Amendment, the actions of defendants being such as to deny blacks the equal protection of the laws.

The complaint by those plaintiffs who are now members of the police force of the City of Shreveport alleges discrimination against them by the defendants in the assignment of patrol areas, promotion and division assignment policies, hiring practices and regulations which, among other things, have resulted in the assignment of blacks to the Patrol Divi-

sion, with a disproportionate number being assigned to the Detective, Special Investigation, Identification and Traffic Divisions, and none at all to the Personnel, Central Records or Airport Security Divisions of the Police Force. They further allege that as a result of the exclusion of blacks from the force prior to 1954 and up to 1968, promotion based upon seniority is denied to them because of the failure of defendants to correct and erase the effects of such past racial discrimination. They seek injunctive relief and damages in the form of back pay to compensate them for lost wages due to these policies regulating promotions within the system.

One plaintiff, Murton Edwards, alleges that he was accepted and employed on the police force along with several other black officers in 1968, served as a patrolman until 1970 when he was discharged in the month of February, ostensibly for failure to pass the Civil Service Examination given to new members of the department, but that his dismissal was in fact racially motivated. He alleges on information and belief that other black officers employed in 1968 were also dismissed for the same reasons.

Plaintiff Don W. Ellis alleges that he applied for employment in 1970, took and passed the Civil Service Examination, but was denied employment because he had voluntarily gone into bankruptcy some months before making his application. He alleges that denial of employment to him was racially discriminatory, because the refusal to employ persons who have taken bankruptcy effectively eliminates more blacks than whites and because the standard is unrelated to proper objective qualifications for employment as a police officer.

## CLASS ACTIONS

While racially discriminatory practices by public officers and individuals are generally regarded as proper subjects for class actions, in this case we find one of the essential requirements of F.R.Civ.P. Rule 23 to be lacking, specifically the members of the class represented are not so numerous as to make it impractical to join them as individuals in one lawsuit. Here, as to all members of the police force currently serving, they are actually named and joined as plaintiffs. The remaining two plaintiffs, Murton and Ellis, obviously do not represent such classes of persons. On the one hand, the officers who were employed in 1968 and subsequently dismissed for racial reasons are, or should be, easily identifiable and joined as plaintiffs, and on the other, blacks denied employment and passing the Civil Service Examination, who have been denied employment because of having invoked the benefit of the bankruptcy laws do not, under the allegations of the petition, number more than one. As to those black citizens who may in the future seek employment, even as to generations yet unborn, ". . . the threshold requirement imposed by Art. III of the Constitution that those who seek to invoke the power of the federal courts must allege an actual case or controversy . . . ." O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), is not met.

Moreover, if plaintiffs are successful in any of their demands, the relief accorded them will necessarily result in correction of the evils by which they are plagued, and inure to the benefit of the entire black community of which they are members. It simply is not necessary that this suit proceed as a class action.

## PARTIES, INTERVENORS AND PETITIONERS IN INTERVENTION.

As stated above, our jurisdiction is invoked under 28 U.S.C.A. § 1343(3) and (4), to enforce a cause of action claimed under 42 U.S.C.A. §§ 1981, 1983 and the Fourteenth Amendment. Defendant City of Shreveport is a municipal corporation. The Shreveport Municipal Fire and Police Civil Service Board is created "in the municipal government" by Article 14, § 15.1, paragraph 6, Louisiana Constitution of 1921, which incorporated the provisions of Sections 2471 through

2508 of Title 33 of the Louisiana Revised Statutes of 1950, LSA–R.S. 33:2471 et seq., into the basic law by Constitutional Amendment adopted in 1952. The board acts for and in behalf of the city and has no separate or independent entity as a public corporation other than through the municipality. The individual members of the board are sought to be added as defendants by stipulation.

Defendants, George D'Artois, Commissioner of Public Safety, is a city official, as is the defendant T. P. Kelly, Chief of Police of Shreveport.

■ Mr. John C. Runyon, State Examiner, is an employee of the State of Louisiana, subject to the Classified Service of the State, appointed by the State Civil Service Commission, which has no further authority or power over him except the hearing of charges for removal brought against him by any one of the Municipal Fire and Police Civil Service Boards, and taking appropriate disciplinary action against him after such hearing, including removal from office. See par. 9, Art. 14, Section 15.1, Louisiana Constitution, 1921. He has no actual authority over the Shreveport Board, his duties being advisory and ministerial only, restricted to acting to assist the board when requested to do so, preparing and submitting classification plans for the Board's approval, preparing and administering tests of fitness and promotion to applicants for positions in the service, scoring the tests and furnishing the results thereof to the Board, and other important but nondecisional duties enumerated in paragraph 9(j). In the performance of these duties, as this court reads the provisions of the Constitution, he acts for and at the direction of the Municipal Board, offering staff services to it when needed but subject to the Board's approval and final implementation. As such, we do not feel that he is a necessary party to this litigation, and his intervention as a defendant by agreement of the parties was inadver-

tently allowed by the court. We now vacate our order and dismiss this intervention. Mr. Runyon will be available as a witness to either side in this suit and his testimony will, no doubt, be of great assistance at the trial of this case on the merits.

■ The Shreveport Public Local 646, AFL–CIO, petitions to be allowed to intervene. We have carefully considered their motion, which alleges that its membership consists of 337 of the 379 active police officers of the City of Shreveport. It is an unincorporated association domiciled in Shreveport, Caddo Parish, Louisiana. It is the object of the intervention to maintain the present policies of the Police Officers Civil Service System of which the plaintiffs complain. Plaintiffs, however, did not see fit to join the Union or any of its members as a party defendant. It may be that plaintiffs' strategy in refraining to join the union was ill chosen in the view we take of this matter, but at this stage of the litigation this court does not believe that the intervention will serve either to advance the cause of the union and its members or that they are, in fact, necessary parties to the resolution of the questions posed by this petition. Accordingly, we deny the motion to intervene.

### JURISDICTION OVER THE CITY.

■ Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), followed by City of Kenosha v. Bruno et al., 412 U.S. 507, 93 S.Ct. 2222, 37 L. Ed.2d 109 (1973), and Moor et al. v. County of Alameda, 411 U.S. 693, 93 S. Ct. 1785, 36 L.Ed.2d 596 (1973) make it clear that plaintiffs' claims under 28 U. S.C.A. § 1343, predicated upon Title 42 U.S.C.A. § 1983, cannot be sustained as the City is not a person within the meaning of § 1983. Further, it cannot be held vicariously liable for the acts of its officers that violate the civil rights of claimants so as to permit monetary recovery from them payable out of the City's treasury. Moor et al. v. County

of Alameda, supra. In *Kenosha,* the court expressly reserved decision of the effect of Section 1981. The matter is exhaustively discussed in the Moor case, footnotes 19, 23 and 24, and in the Appendix in City of Kenosha v. Bruno et al., supra, and we hold that §§ 1983 and 1988 did not provide any remedy whatsoever against municipal governments per se. We agree with the very thorough discussion of the problem by the court in Bennett v. Gravelle et al., 323 F.Supp. 203 (D.Md.1971), aff'd 451 F.2d 1011 (4 Cir. 1971), app. dismissed, 407 U.S. 917, 92 S.Ct. 2451, 32 L.Ed.2d 692.

■ The Shreveport Fire and Police Civil Service Board (hereinafter referred to simply as Board) is, under state law, simply an agency of the municipality. La.Const. Art. 14, Sec. 15.1, discussed above. The constitutionality of this State law is not attacked in this suit. It is the alleged racially motivated actions of the individual officers of the City, its Police Chief and Commissioner of Public Safety, in applying the civil service rules and regulations that are called into question. While their actions are "under color of state law" for purposes of § 1983, Monroe v. Pape, supra, they are answerable in damages as individuals only. To hold otherwise would punish the entire community, the innocent with the guilty, and run counter to the congressional intent in adopting the Civil Rights Acts, reflected by the history of their evolution as described in Monroe v. Pape, supra, Moor v. County of Alameda, supra, and City of Kenosha v. Bruno, supra.

■ However, by virtue of the Thirteenth and Fourteenth Amendments, we are impelled to a different conclusion as to the availability of equitable relief against the City under §§ 1981 and 1988 through the jurisdictional grant of Title 28 U.S.C.A. § 1343(4).[1] See: Sullivan v. Little Hunting Park, Inc., 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) and Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Here we part company with the Bennett Court, and hold that equitable relief[2] is available against the City and its agency, the Board, under these sections. The city is not responsible in this case under any theory of *respondent superior.* The contract of employment of policemen is directly with the City itself. It is empowered to contract, hold property, sue and be sued, and is granted all the authority to do these things as any private corporate entity, with the same liability under these contractual obligations to answer for their breach. Unlike § 1983, which must be read in the background of *tort* liability, Monroe v. Pape, supra, rights arising under § 1981 flow from *contracts* of employment. While, under § 1988, the remedy of plaintiffs under State law is governed by the administrative provisions of Article 14, Sec. 15.1 of the Louisiana Constitution of 1921, with judicial review as the final decisional forum, federal law affords *equitable* remedy under § 1981. Jones v. Alfred H. Mayer Co., Inc., supra.

In all other respects, the motion by the City of Shreveport, and coincidental-

1. § 1981. "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

The Court in *Moor* clearly points out that § 1988 does not by itself confer any enforceable right, it merely provides that the rights secured by § 1983 et seq., shall be governed by federal law and where that source is lacking, the Court may, in its discretion, look to State law for an available remedy. Our discretion is very broad. The same interpretation would apply to § 1981.

2. See: Board of Commissioners Port of New Orleans v. Splendour Shipping and Enterprises Company, Inc., 273 So.2d 19 (La. 1973); Hamilton v. City of Shreveport, 247 La. 784, 174 So.2d 529 (1965); Comment, Governmental Immunity: The End of "King's X", 34 La.L.R. 69 (1973).

ly the Board as an agency thereof, to dismiss as to it, is sustained.[3]

## THE INDIVIDUAL DEFENDANTS.

The motion to join the members of the Board, David H. Walke, Gilbert L. Hetherwick, Gen. W. E. Eubank, Jr., David H. Huddleston and William K. Matlock, individually, does not contain any allegations of a purposeful discrimination against plaintiffs based on race. However bland their actions may prove to be on the trial of this matter, where racially discriminatory policies are alleged, plaintiffs are not to be denied their day in court, and, along with the Commissioner of Public Safety, George D'Artois, and Chief of Police T. P. Kelly, they are held in this suit personally for damages *and* equitable relief, pursuant to §§ 1981 and 1983, under 28 U.S. C.A. § 1343(3) and (4). Monroe v. Pape, supra, Sullivan v. Little Hunting Park, supra. Jones v. Alfred H. Mayer Co., supra.

## THE FOURTEENTH AMENDMENT.

While cities and other local subdivisions of the State may not be mulcted in damages under § 1983, they have long been held amenable to suit for violation of Constitutional guarantees under the Fourteenth Amendment, pursuant to Title 28 U.S.C.A. § 1331. See the authorities on this point marshalled in Bennett v. Gravelle, supra, 323 F. Supp. at 216. We have here, however, no allegation or proof of jurisdictional amount as to each individual plaintiff as required by that section. Cf. City of Kenosha v. Bruno, supra. Plaintiffs' demands under the Amendment must accordingly be dismissed.

## STAY OF PROCEEDINGS.

In Caldwell v. National Brewing Co., 443 F.2d 1044, 5 Cir. 1971, the Court noted the availability of remedial relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, in a suit to redress racially discriminatory employment practices between private parties. Since that decision, the Act of 1964 has been amended by P.L. 92–261 of 1972 to bring within its scope cities and other local governing bodies.[4] The Caldwell case recognized the co-existenive nature of the conciliatory procedures prescribed by Title VII with the remedy available under § 1981, and the authority of the court to stay any litigation until these procedures are carried out. We hold that, with enactment of the 1972 amendment, this is a proper solution to the difficult problems confronting the courts in cases such as this. See also: Legislative History, P.L. 92–261, Cong. and Admin.News, 1972, at pages 2152 et seq. Hopefully, this procedure will bring into the arena all interested parties, including Mr. Runyon, the white members of the Shreveport Police Force, the Board and the City Government as well, and result in a satisfactory and equitable adjustment of the rights of all involved.[5] Our decree will follow, with appropriate injunctive relief at this time to preserve the status quo until Title VII is invoked.

---

3. The motion to add the Shreveport Fire and Police Civil Service Board is filed without objection by the City. However, the parties cannot, by agreement, confer jurisdiction where none exists.

4. If the conclusion that § 1981 does not include a cause of action against a city is valid, Title 42 U.S.C. § 2000e, et seq. may well be the only remedy against a local governmental body for discriminatory employment practices where jurisdictional amount is lacking. This is particularly true since the amendment of 1972.

5. The complexity of the issues implicit in these suits is emphasized by the recent decision of the Fifth Circuit Court of Appeals, sitting en banc, in Morrow v. Crisler, 1974, 491 F.2d 1053. That case is indistinguishable, as it involved the State of Mississippi as a defendant and concerned the employment practices of the Mississippi Highway Patrol. Jurisdictional problems were not present under § 1983.