Jane **MONELL** et al., Plaintiffs,

v.

**DEPARTMENT OF SOCIAL SERVICES OF CITY OF NEW YORK et al.,**
Defendants.

No. 71 Civ. 3324.

United States District Court,
S. D. New York.

April 30, 1975.

Nancy Stearns, Oscar G. Chase, Gregory Abbey, Center for Constitutional Rights, New York City, of counsel, for plaintiffs.

Adrian P. Burke, Corp. Counsel, New York City, for defendants; Margaret G. Gold, Asst. Corp. Counsel, New York City, of counsel.

METZNER, District Judge:

This action is brought by female employees of the New York City Board of Education (Board) and the New York City Department of Social Services (Department) on behalf of themselves and other female employees in city agencies similarly situated. Plaintiffs challenge, on constitutional grounds, the rules and regulations of the defendant city agencies which plaintiffs claim arbitrarily compelled pregnant employees to take unpaid leaves of absence when they desired to, and were capable of working beyond the mandatory leave period. Plaintiffs seek declaratory and injunctive relief and damages for back pay.

According to the allegations of the complaint, the individual defendants Sugarman, Scribner and Lindsay are sued in their official capacities.

Jurisdiction is based on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3) (the civil rights statute and its jurisdictional counterpart), and 42 U.S.C. § 2000e, et seq. (Title VII, the Equal Employment Opportunity Act).

Judge Motley has previously determined that the suit may be maintained as a class action. D. C., 357 F.Supp. 1051 (1972).

Defendants have moved to dismiss the action or, in the alternative, for an order granting summary judgment. They also seek to vacate the order granting class action status to this suit or, in the alternative, to compel plaintiffs to pay for the class action notice if it is ruled that the action proceed as a class action.

Plaintiffs have cross-moved for summary judgment.

The original complaint was filed on July 26, 1971, with the plaintiffs being Monell, an employee of the Department, and Terrall and Zapata employed by the Board. An amended complaint was filed on September 14, 1972, which added plaintiff Abbey, who was employed by the Board. The amended complaint was filed following the amendment to Title VII permitting actions against govern-

mental agencies charged with discrimination in employment. The record shows that each of the four plaintiffs was directed to take maternity leave about a month before the date that their respective doctors would have ordered.

In the fall of 1971, the Department changed its maternity leave policy to provide that no woman need report her pregnancy or take maternity leave as long as she is able to continue to perform her job and desires to do so. This policy change was ordered effective in all city agencies, including the Department, on January 29, 1972, by a directive from former Deputy Mayor Edward K. Hamilton.

The Board of Education of the City of New York similarly changed its bylaws effective September 1, 1973.

■ These changes, while made subsequent to the institution of this action, antedated the decision in Cleveland Board of Education v. LaFleur, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), which would hold the practices complained of here to be unconstitutional. Consequently, the claims for equitable relief by way of injunction or declaratory judgment are moot. *See* Galvan v. Levine, 490 F.2d 1255, 1261 (2d Cir. 1973), cert. denied, 417 U.S. 936, 94 S. Ct. 2652, 41 L.Ed.2d 240 (1974); Nieves v. Oswald, 498 F.2d 802, 813 (2d Cir. 1974).

We are left then with claims for back pay covering the periods for which plaintiffs allege they could have worked after being forced to take maternity leave.

■ The holding in City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) supports a ruling that an action under Section 1983 will not lie against either the Board or the Department for any relief. Plaintiffs place great reliance on Forman v. Community Services, Inc., 500 F.2d 1246, 1254 (2d Cir. 1974), cert. granted, 419 U.S. 1120, 95 S.Ct. 801, 42 L.Ed.2d 819 (1975) (No. 647), as authority for the

proposition that the Board is not immune to an action under that section. That case is not in point since the statute creating the State Housing Authority specifically waived governmental immunity both as to the agency and the state.

Under the Eleventh Amendment which precludes any action by a citizen against a state, it has been held that a state officer sued in his governmental capacity may be enjoined from future action that may be violative of the Constitution. Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); McMillan v. Board of Education of State of New York, 430 F.2d 1145, 1148–49 (2d Cir. 1970). However, the Court went on to hold that monetary damages, even if characterized as "equitable restitution," may not be awarded for past injury if they are to be paid from the state treasury. Such an action runs afoul of the Eleventh Amendment. *Edelman, supra,* 415 U.S. at 664–71, 94 S.Ct. 1347. *See also* Rothstein v. Wyman, 467 F.2d 226, 236 (2d Cir. 1972), cert. denied, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973).

The same reasoning applies to the effort to recover back pay in this 1983 action. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), holds that an action for damages may not lie directly against the municipality. This immunity cannot be circumvented by suing the mayor, the commissioner or the administrator in their official capacities. Any award that would be made would, in the last analysis, be paid by the City of New York. Patton v. Conrad Area School District, 388 F.Supp. 410, 417 (D.Del.1975); Needleman v. Bohlen, 386 F.Supp. 741, 745–46 (D. Mass.1974); Hines v. D'Artois, 383 F. Supp. 184, 189–90 (W.D.La.1974); O'Brien v. Galloway, 362 F.Supp. 901, 905 (D.Del.1973).

I reach this result fully aware that in Cohen v. Chesterfield County School Board, decided with Cleveland Board of Education v. LaFleur, *supra,* the district

court had granted a judgment for back wages as well as equitable relief. The Court did not indicate the existence of any jurisdictional problems under 1983 either because a board of education was a defendant, as were individuals being sued in their official capacities, or because of the nature of the relief sought. This is in contrast to the sensitivity indicated by the Court in *Kenosha, supra,* where only municipalities were defendants and the Court on its own motion raised the jurisdictional objection that Section 1983 did not create the right of action for any purpose against such defendants.

 We turn now to the claim for relief under Title VII. Prior to March 24, 1972, governmental units were exempt from the operations of Title VII. On that date Public Law 92–261 was enacted which amended Section 2000e(b) so that Title VII relief was available to employees of such governmental units.

As indicated above, this complaint was filed in 1971. In *Cleveland Board of Education, supra,* 414 U.S. at 638–39 n. 8, 94 S.Ct. at 796, the Court said:

"At the time that the teachers in these cases were placed on maternity leave, Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U.S.C. § 2000e et seq., did not apply to state agencies and educational institutions. 42 U.S.C. §§ 2000e(b) and 2000e–1. On March 24, 1972, however, the Equal Employment Opportunity Act of 1972 amended Title VII to withdraw those exemptions. Pub.L. 92–261, 86 Stat. 103. Shortly thereafter, the Equal Employment Opportunity Commission promulgated guidelines providing that a mandatory leave or termination policy for pregnant women presumptively violates Title VII. 29 CFR § 1604.10, 37 Fed.Reg. 6837. While the statutory amendments and the administrative regulations are, of course, inapplicable to the cases now before us, they will affect like suits in the future."

This expression of opinion by the Court is dispositive of the issue of retroactivity in this case. The amendment of the complaint by adding plaintiff Abbey does not change the result since the discrimination as to her occurred and was completed prior to the amendment of the statute. Place v. Weinberger, 6 E.P.D. 9010 (E.D.Mich.1973), aff'd, 497 F.2d 412 (6th Cir.), cert. denied 419 U.S. 1040, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).

The claim for relief pursuant to Title VII is dismissed.

The complaint is dismissed.

So ordered.